## Mary Devaux *vs.* the Mayor, &c., of the city of Detroit.

First Circuit. Where the complainant had been in possession and occupied certain premises in the city of Detroit about thirty years, and had received a deed from the governor and judges of the territory of Michigan for the same, in the year 1821, and the city corporation were proceeding to open a street through the premises, (under a claim that the street was there originally laid out,) and to remove the fences and buildings for that purpose, an injunction was granted to restrain the corporation from so doing, and the chancellor refused to dissolve the same until the defendants should establish their right at law.

Devaux
*vs.*
The city of
Detroit.

A court of chancery is not the appropriate tribunal for the trial of titles to land.

This was a motion to dissolve an injunction.

The statement of the case is sufficiently set forth in the opinion of the chancellor.

A. D. Frazer and J. A. Van Dyke, in support of the motion.

The bill, in this case, is brought to enjoin the defendants from removing obstructions and opening up a part of Congress street in the city of Detroit, and the complainant claims title from the governor and judges of the late territory of Michigan.

The common council deny that such title was given, and even if it were, they deny the authority of the governor and judges to give any title to that which had been previously established as a street. When the town of Detroit was laid out, streets established and plan adopted, their powers, *quoad hoc* were extinguished. (*See act of congress "to provide for the adjustment of titles to land in the town of Detroit," &c.,* approved *April* 21, 1806; *Laws of Michigan of* 1833, *page* 34.)

A naked power, not coupled with an interest, must be strictly pursued in form and substance; and all acts done under a special authority not warrantable by it, are void. *Douglas' R.,* 565, 575; 7 *Com. Dig.,* 15, 17, 19, 20, 26; 5 *Term R.,* 567; 13 *Petersdorf,* 458; 1 *W. Blackstone R.,* 283.

If a man pleads an act done pursuant to a power, he ought to show, the power strictly to be pursued in all circumstances. 2 *Day R.,* 418.

An appointment when executed is to be considered in the same light as if it had been inserted in the original deed, by which the power of appointment was created. *7 Johns. R.*, 342, 438; *2 Term R.*, 251; *7 Johns. C. R.*, 45, 48; *4 Kent Com.*, 323.

The execution of powers shall have the same construction, force and effect in courts of law which they have in courts of equity. *2 Burrows*, 11, 46; *Douglas R.*, 293.

D. GOODWIN, contra.

1. The possession is sufficient to authorize and sustain a perpetual injunction, or until defendants shall have established a title at law. *Varick* vs. *Mayor, &c., of New York*, 4 *J. C. R.*, 53.

2. Although defendants claim the premises to have been part of a street, yet they admit the original grant to complainant's grantor, and also the subsequent grant of *the ten feet.* They pretend it not to be of the same premises. It is, however, *obviously intended to be of the ten feet* in question, and so admitted, otherwise there would be the absurdity of two different grants for the same thing, and that, by the *governor and judges of Michigan.* A court of equity would, therefore, obviously prevent waste and destruction, &c., until the right is determined. Further, it would relieve against so palpable a mistake. Further, the deeds which the defendants find of record to Longdon, may not be the only deeds to him; there may be others under which he held.

3. Again, the laying out of streets, &c., *on paper*, does not determine the *locality or boundary.* This can only be done by actual survey, or use for a series of years, from which an actual survey and *laying out*, (otherwise than on paper,) may be presumed. Here the use has been only *to*, and not *of*, the premises in question.

4. When a highway has been laid out and opened, it may be abandoned, and that by *non-user*, and where there has been a *non-user* for several years, and occupation of the ground by the adjacent proprietor, or a claimant for several years, it is

presumed to have been abandoned. The proprietor of land bounding on a street or water course, is by law deemed the owner of the soil to the *centre of the street* or *of the stream, ad filum aquæ.* 3 *Kent's Com.,* 432.

Here the premises *have never been used* for a street, but always, (since they were at all appropriated,) possessed and occupied by the complainant and her grantors. This makes the case impregnable in law or equity, unless, indeed, the defendants can, in a proper court at law, establish a legal title, not barred by any statute of limitations.

5. The answer is not sworn to. The answer of a corporation under its seal, is not upon oath, nor received as evidence on oath.

THE CHANCELLOR.—The bill states that the complainant and those under whom the claims, have been in possession of the lot since 1809, that it has been inclosed by a fence since that time, and that valuable improvements have been made upon it, &c.; that defendants are about proceeding summarily and without pursuing the forms of law, to pull down the fences and remove the buildings, &c.; that in addition to the possession, she holds the lands by deed emanating from the governor and judges of the late territory of Michigan, dated April, 1821.

The answer admits the possession, but sets up that Longdon, the grantor of the complainant, held a part of the land under a permission from the governor and judges, and that he took possession of the residue without authority, and that the deed of 1821 is uncertain in its description, and does not include the land in controversy, and that by the plan of the city, said street was laid out sixty instead of fifty feet wide.

It is an admitted fact that the complainant and those under whom she claims, have been in possession and have had this property inclosed for nearly thirty years, and the question is, shall the defendants, after such a length of possession, be permitted to take forcible possession, and remove the fences and building, without first establishing their right by legal process?

It appears to me but just, that the complainant, after such a

length of possession, should be protected in the enjoyment of
this property until an adverse right be established.

It is urged that the governor and judges, being trustees, with defined powers, after having laid out and established the plan, had no authority, either to grant to any one the right to occupy a part of the street, or to grant the deed of 1821.

After ground had been dedicated and appropriated for a public street, and rights acquired with reference to the plan, they had no authority to appropriate it to a different purpose.

But it appears in this case, that the land in question was never used or appropriated as a street, and the dedication of it is attempted to be shown by reference to the plat, and on this ground the court is asked to dissolve the injunction, without any establishment of the right in opposition to a possession and improvement of thirty years.

The complainant seems to have acquired a confirmation of her claim by the deed of 1821, from the same board which is alledged to have established the plan of the city. It is said that this deed is imperfect, but it is manifest that it contemplated the same premises. There are cases where the abandonment of a street may be presumed by *non-user*. There having been a possession and improvement for so long a period; the land in question having never been used as a street, it would be obviously unjust to permit this forcible entry without the defendants first establishing a right at law. (*See Varick* vs. *Corporation of New York*, 4 *Johns. Ch. Rep.*, 53.) And this court is not the appropriate tribunal for the trial of titles to land. *Abbott* vs. *Allen*, 2 *Johns. Ch. Rep.*, 521.

The injunction must be continued until the defendants establish their right at law.

Motion denied.